UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARCO VERCH,

                Plaintiff,

  -against-

SEA BREEZE SYRUPS, INC.,

                Defendant.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION

19 CV 5923 (RPK)(RML)

LEVY, United States Magistrate Judge:

       By order dated April 22, 2020, the Honorable Roslynn R. Mauskopf, Chief Judge, referred plaintiff's motion for default judgment to me for report and recommendation.[1] For the reasons explained below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND AND FACTS

       On October 22, 2019, plaintiff Marco Verch ("plaintiff") commenced this copyright infringement action against defendant Sea Breeze Syrups, Inc. ("defendant") as a result of defendant's alleged unauthorized reproduction and public display of a copyrighted photograph owned and registered by plaintiff. (Complaint, dated Oct. 21, 2019 ("Compl."), Dkt. No. 1, ¶¶ 1-2.) Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (See Affidavit of Service of Daniel Knight, sworn to Nov. 8, 2019, Dkt. No. 10, Ex. C.) Despite proper service, defendant has failed to appear or otherwise defend this action. (See Request for Certificate of Default, dated Feb. 12, 2020, Dkt. No. 7.) On February 12, 2020, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Id.)

---

[1] On June 23, 2020, this case was reassigned to the Honorable Rachel P. Kovner, United States District Judge.

On February 20, 2020, the Clerk of the Court noted defendant's default. (See Certificate of Default, dated Feb. 20, 2020, Dkt. No. 8.) Plaintiff filed the instant motion for default judgment on April 21, 2020. (Motion for Default Judgment, dated Apr. 21, 2020, Dkt. No. 9.) The following day, Chief Judge Mauskopf referred plaintiff's motion to me for a report and recommendation. (Order, dated Apr. 22, 2020.)

Plaintiff is a professional photographer who licenses his photographs to online and print media for a fee, with a principal place of business in Germany. (Compl. ¶ 5.) Defendant is a domestic limited liability company that transacts business in New York, but is duly organized and existing under the laws of the State of New Jersey, with its principal place of business in Towaco, New Jersey. (Id. ¶¶ 3, 6.) Defendant owns and operates the website www.SeaBreezeSyrups.com (the "Website"). (Id. ¶ 6.) Plaintiff asserts that he photographed, is the author of, and has at all times been the sole owner of all right, title, and interest, including the copyright to, a photograph of Mango-Orange cocktails (the "Photograph"). (Id. ¶¶ 7-8.)

Plaintiff asserts that the Photograph was registered with the United States Copyright Office and was given Copyright Registration Number VA 2-095-190. (Id. ¶ 9.) Plaintiff alleges that defendant ran the Photograph on the Website without licensing or obtaining permission or consent from plaintiff. (Id. ¶¶ 10-11.) Plaintiff has submitted a copy of the Photograph and a screenshot of the Photograph on the Website. (See id., Exs. A, B.) Plaintiff requests $30,000 in statutory damages under § 504(c) of the Copyright Act, as well as $1,912.50 in attorney's fees and $440 in costs under § 505 of the Copyright Act. (See Declaration of Richard Liebowitz, Esq., dated Apr. 21, 2020 ("Liebowitz Decl."), Dkt. No. 10, ¶¶ 11-12.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon default, defendants are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those pertaining to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). The court must draw all reasonable inferences in plaintiff's favor and should grant default judgment only if plaintiff's factual allegations, accepted as true, "establish [defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

### II. LIABILITY

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also Yamashita v. Scholastic Inc., 936 F.3d 98, 104 (2d Cir. 2019) (same). The first element of a copyright infringement claim can be satisfied "by the introduction into evidence of a Copyright Office certificate of registration." Sheldon v. Plot Commerce, No. 15 CV 5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016) (internal quotation marks and citation omitted), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). In the Second Circuit, "a certificate of copyright registration is a prerequisite to asserting a civil copyright infringement claim." Sohm v. Scholastic Inc., 959 F.3d 39, 52-53 (2d Cir. 2020) (citing 17

3

U.S.C. § 411(a)). When introduced, a certificate of registration may serve as "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." Sheldon, 2016 WL 5107072, at *10 (internal quotation marks and citation omitted); see also 17 U.S.C. § 410(c). After the presentation of such a certificate, the burden of proof shifts to the defendant to prove the invalidity of the plaintiff's copyright; however, "in the context of a default judgment, a timely certificate is sufficient to establish validity." Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (citations omitted), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

   Here, plaintiff has submitted the certificate of registration for the Photograph, which bears an effective date of registration of March 13, 2018 and names plaintiff as the Photograph's author and copyright claimant. (See Letter of Marco Verch, dated July 30, 2020, Dkt. No. 14-1.) I therefore find that plaintiff has established ownership of a valid copyright.

   To establish the second element of a copyright infringement claim, the "[p]laintiff must meet a 'minimal' burden to show that the Photograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106." Pasatieri v. Starline Prods. Inc., No. 18 CV 4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan 14, 2020) (quoting Sheldon, No. 15 CV 5885, 2016 WL 5107072, at *11). In the context of copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Feist Publ'ns, 499 U.S. at 345. "[T]he requisite level of creativity is extremely low" and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." Id. (internal quotation marks omitted). "For photographs, originality may be founded upon . . . [their] subject matter, angle of photograph, lighting, determination of the

4

precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." Pasatieri, 2020 WL 207352, at *2 (citation and quotation marks omitted).

Plaintiff has alleged that defendant violated his exclusive rights under § 106 by reproducing and publicly displaying the Photograph on defendant's Website. (Compl. ¶¶ 13-14); see also Korzeniewski, 2019 WL 312149, at *6 (finding that plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was enough to establish that defendant violated plaintiff's exclusive rights in the image). Moreover, the originality of the Photograph can be inferred from plaintiff's claim that he is the Photograph's author. See id. (finding that plaintiff's allegation that he was the sole creator of the "original and unique" image was sufficient to establish originality). Given the minimal burden required to establish infringement of original work, I find that plaintiff has also established the second element of a copyright infringement claim.

### III. DAMAGES

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation." John Hancock Life Ins. Co. v. Perchikov, No. 04 CV 98, 2010 WL 185007, at *3 (E.D.N.Y. Jan. 15, 2010) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)). Where, as here, the defendants have never appeared, "the Court's determination [of damages] is based solely on plaintiff's submissions." Gilbert v. Hotline Delivery, No. 00 CV 160, 2001 WL 799576, at *2 (S.D.N.Y. July 10, 2001). "As long as there is a sufficient basis from which to evaluate the fairness of the sum awarded, a court may rely upon detailed affidavits

5

and documentary evidence to determine damages." In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996) (citation and quotation marks omitted).

    A. Statutory Damages

Plaintiff seeks to recover statutory damages under the Copyright Act in the amount of $30,000, the maximum provided under the statute. (See Statement of Damages, dated Apr. 21, 2020, Dkt. No. 11, ¶ 3.) Under Section 504 of the Copyright Act, a copyright owner is entitled to actual damages caused by an infringement, in addition to any profits gained by an infringer, or statutory damages. 17 U.S.C. § 504(a). A copyright owner may elect to recover an award of statutory damages instead of actual damages in the amount "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In cases of willful infringement, the court has the discretion to increase the award up to $150,000 per work. 17 U.S.C. § 504(c)(2).

"Statutory damages are available without proof of plaintiff's actual damages, and are useful in cases where proof of actual damages or profits is insufficient." Whitehead v. Mix Unit, LLC, 17 CV 9476, 2019 WL 384446, at *3 (S.D.N.Y. Jan. 31, 2019) (citations and quotation marks omitted), report and recommendation adopted, 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019). The Copyright Act affords the trial court wide discretion in setting the amount of statutory damages. See Fitzgerald Publ'g. Co. v. Baylor Publ'g. Co., 807 F.2d 1110, 1116 (2d Cir. 1986). To determine the amount of statutory damages for copyright infringement, courts in the Second Circuit consider the following factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010); see also Prokos v. Grossman, No. 19 CV 4028, 2020 WL 729761, at *2 (E.D.N.Y. Feb. 13, 2020) (quoting Bryant, 603 F.3d at 144) (same).  In light of defendant's default, it is impossible for the court to ascertain what, if any, profits defendant earned by infringing (factor two) or the value of the infringing material (factor five).  Further, plaintiff has provided no information regarding revenue he lost as a result of defendant's infringement (factor three).  Nonetheless, the court can evaluate defendant's state of mind and conduct from its default (factors one and six), as well as the deterrent effect of damages on defendant (factor four).

Due to defendant's default, "the Court may infer that [defendant's] infringement was willful." Malibu Media, LLC v. Doe, No. 18 CV 6432, 2020 WL 2736723, at *3 (E.D.N.Y. Apr. 7, 2020) (citing Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011) ("Courts frequently infer willfulness where a defendant defaults.") (citations omitted)), report and recommendation adopted, 2020 WL 2734900 (E.D.N.Y. May 26, 2020).  However, in cases where plaintiffs have received maximum or substantial statutory damages for violations of the Copyright Act, there is typically additional evidence of willfulness or allegations of actual awareness of the infringing activity on the part of defendants aside from a default, such as a cease-and-desist letter to the defendant or a request for injunctive relief.  See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co., Ltd., No. 12 CV 5456, 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013) (noting two cease-and-desist letters in awarding $30,000 in statutory damages), report and recommendation adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); Hounddog Prods., 826 F. Supp. 2d at 631-32 (granting plaintiff's request for $150,000 in statutory damages in copyright case where defendant received notice that it no longer had authorization to use copyright prior to lawsuit); Nat'l Football League v. PrimeTime 24 Joint

7

Venture, 131 F. Supp. 2d 458, 478-82 (S.D.N.Y. 2001) (finding many copyright infringements and awarding various amounts in damages ranging from $2,500 to $100,000 depending on whether the infringement in a given time period was willful).

Although a defendant's default may lead to an inference of willfulness, "district courts have varied in their determinations regarding the amount of statutory damages[]" in copyright infringement cases similar to the case at hand. Idir v. La Calle TV, LLC, No. 19 CV 6251, 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (awarding $2,500 because "defendant's apparent willfulness and the need to deter such conduct justifies an award greater than the minimum of $750, but a higher award is not warranted where there is no evidence of actual losses or additional evidence of willfulness on the part of the defendant."); see also Dermansky v. Telegraph Media, LLC, No. 19 CV 1149, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 for use of a single photograph where the infringement was willful but there was no evidence of actual harm); Philpot v. Music Times LLC, No. 16 CV 1277, 2017 WL 9538900, at *9 (S.D.N.Y. Mar. 29, 2017) (awarding $5,000 for two instances of unauthorized reproduction where the infringement was willful but there was no evidence of actual harm), report and recommendation adopted, 2017 WL 1906902 (S.D.N.Y. May 9, 2017). It appears that where a defendant defaults, but plaintiff provides no evidence of actual harm, statutory damages are typically granted within the range of $1,000 to $2,500.

In the instant case, there is only one alleged act of infringement, there are no cease-and-desist letters, there are no requests for injunctive relief, the usual licensing fee has not been provided, and there is no evidence of any actual harm. "This leads to the conclusion that the infringing conduct was *de minimis*." Dermansky, 2020 WL 1233943, at *6; see also Seelie v. Original Media Grp. LLC, No. 19 CV 5643, 2020 WL 136659, at* 4 (E.D.N.Y. Jan. 13, 2020)

8

(finding that plaintiff's counsel's refusal to disclose plaintiff's usual licensing fee led to the inference that damages were *de minimis*).  Therefore, I respectfully recommend that plaintiff be granted $1,000 in statutory damages for the Copyright Act violation—an amount above the statutory minimum, to account for the willful actions of defendant and the need to deter others—but well below the statutory maximum given the dearth of other evidence.

B.  Attorney's Fees

Plaintiff requests costs and attorney's fees as permitted under the Copyright Act. See 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof."). However, "[a]n award under that statute is not automatic, but rather lies within the sole and rather broad discretion of the court." Dermansky, 2020 WL 1233943, at *7 (quotation marks and citations omitted).  To determine the reasonableness of attorney's fees, courts in this circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  In addition, an application for attorney's fees must be supported "by accurate, detailed, and contemporaneous time records."  Labarbera v. ASTC Labs., Inc., 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010).  Plaintiff's counsel has satisfied this requirement by submitting a chart detailing the amount of time he spent on specific tasks related to this matter.  (See Liebowitz Decl. at 6.)

Thus, the court must first assess whether plaintiff's counsel requests a reasonable hourly rate.  A reasonable hourly rate is "the rate a paying client would be willing to pay . . .

9

bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates should be based on "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). A judge may determine prevailing rates based on evidence presented or his or her own knowledge of rates charged in the community. Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). The "community" is generally considered to be the district where the court sits. See Arbor Hill, 522 F.3d at 190. Moreover, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Id. at 184 n.2 (citations omitted).

   Here, plaintiff's counsel, Richard Liebowitz, requests attorney's fees in the amount of $1,912.50, at a rate of $425 per hour. Mr. Leibowitz argues that he is entitled to that amount because he is the founding member and managing partner at his firm, which "specializes in copyright enforcement of photographs and videos," and he has thereby "developed an expertise in the field." (Liebowitz Decl. ¶ 18.) Another court in this district recently held that Mr. Liebowitz's $425 hourly rate was unreasonable. See Dermansky, 2020 WL 1233943, at *7. "The prevailing rates for attorneys in the E.D.N.Y. are approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." Rudler v. Houslanger & Assocs., PLLC, No. 18 CV 7068, 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020) (internal quotation marks and alterations omitted) (collecting cases). In Dermanksy, the court explained that because of "Mr. Liebowitz's relatively short time practicing and the lack of clarity around his actual expertise, the Court regards him as a junior partner or

10

senior associate, and finds $350 per hour to be a generous rate consistent with the amount that other courts have awarded him." 2020 WL 1233943, at *7 (footnote omitted). I therefore recommend that Mr. Liebowitz's rate be adjusted to $350 per hour.

To determine the reasonableness of the hours spent on the litigation, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). The "critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). The court may exclude those hours that it finds excessive, redundant, or otherwise unnecessary. See Gordon v. Site 16/17 Dev., LLC, No. 11 CV 427, 2011 WL 3251520, at *6 (S.D.N.Y. July 28, 2011).

Mr. Liebowitz submitted documentation that he spent four and a half (4.5) hours working on this case. (See Liebowitz Decl. at 6.) This number is reasonable and consistent with the number of hours documented in similar cases. See, e.g., Idir, 2020 WL 4016425, at *4 (finding that plaintiff's counsel's claim that he expended seven hours on the case was reasonable); Dermansky, 2020 WL 1233943, at *8 (finding that plaintiff's counsel's claim that he expended seven hours on the case, which included Copyright Act and Digital Millennium Copyright Act (DMCA) infringement claims, was reasonable); Seelie, 2020 WL 136659, at *6 (finding that six hours was a reasonable amount of time spent on preparing a case including Copyright Act and DMCA infringement claims). Accordingly, I recommend that plaintiff be awarded attorney's fees at a rate of $350 per hour, for a total of $1,575 for the four and a half (4.5) hours expended on this matter.

11

As for costs, "[c]ourts typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged [to] fee-paying clients.'" LG Capital Funding, LLC v. Solar Energy Initiatives, Inc., No. 19 CV 907, 2019 WL 7630792, at *6 (E.D.N.Y. Nov. 1, 2019) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)), report and recommendation adopted, 2020 WL 364078 (E.D.N.Y. Jan. 22, 2020); see also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." LG Capital Funding, LLC, 2019 WL 7630792 at *6 (quoting Pennacchio v. Powers, No. 05 CV 985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Plaintiff seeks $440 in costs, which consists of the court's $400 filing fee and $40 for service of process. (See Liebowitz Decl. at 6.) These costs are reasonable and justified. See LG Capital Funding, LLC v. MineralRite Corp., No. 16 CV 6158, 2017 WL 9250297, at *16 (E.D.N.Y. Dec. 1, 2017) (collecting cases). I therefore recommend that plaintiff be granted $440 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted and that plaintiff be awarded $1,000 in statutory damages under the Copyright Act, $1,575 in attorney's fees, and $440 in costs, totaling $3,015. Plaintiff is directed to serve a copy of this Report and Recommendation on defendant by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/ Robert Levy

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August 20, 2020